**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-23462-KMM

VIRGINIA VALLEJO,

    Plaintiff,

v.

NARCOS PRODUCTIONS, LLC *et al.*,

    Defendants.
                                      /

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Narcos Productions LLC, Netflix, Inc, and Guamont Television USA LLC f/k/a Guamont International Television LLC's ("Defendants") Motion to Dismiss.[1] ("Mot.") (ECF No. 16). Plaintiff filed a response in opposition. ("Resp.") (ECF No. 24). Defendants filed a reply. ("Reply") (ECF No. 31). The motion is now ripe for review.

**I.    BACKGROUND[2]**

Plaintiff, Virginia Vallejo, is an internationally recognized television and radio journalist, and the author of "Amando a Pablo, Odiando a Escobar" ("Loving Pablo, Hating Escobar") (the "Memoir"). Compl. ¶ 1. The Memoir details Plaintiff's relationship with Pablo Escobar and her cooperation with Colombian and United States authorities in prosecuting drug cartel bosses and

---

[1] Defendant Dynamo Producciones S.A. joins the Motion. *See* (ECF No. 22) at 1.

[2] The background facts are taken from the Complaint ("Compl.") (ECF No. 1) and accepted as true for purposes of ruling on this Motion to Dismiss. *See Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009) ("On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.").

others. *Id.* Defendants co-produced the television program *Narcos*, which is available for viewing through the Internet-based video service or over-the-top provider, Netflix. *Id.* ¶ 7.

The Memoir was first published in 2007 in Spanish and was later translated into fifteen languages. *Id.* ¶ 14. Plaintiff filed a United States copyright for her Colombia based version of the book listing a first date of publication of September 22, 2007. *Id.* ¶ 15. The Copyright Office issued copyright TX0007105765, effective March 11, 2010, for the underlying text of the Memoir. *Id.* Plaintiff also obtained a copyright for the Mexican published version of the Memoir, registration TX0007833787, with an effective registration date of January 6, 2014. *Id*. ¶ 16.

Defendants released Season One of *Narcos* on August 28, 2015. *Id.* ¶ 22. *Narcos* spotlights the love affair between Pablo Escobar and a Colombian journalist and television personality named Valeria Velez, which caricaturizes Plaintiff. *Id.* ¶ 19. There are multiple scenes in *Narcos* that are duplicative of events expressed in the Memoir, including settings and events unknown to the public prior to the publication of the Memoir. *Id.* ¶ 27.

Plaintiff alleges claims of copyright infringement, trademark infringement, and Florida common law unfair competition. Defendants move to dismiss the Complaint, arguing that Plaintiff fails to (1) plausibly allege that any protected expression in the Memoir was used in *Narcos*; (2) state a claim for unfair competition under the Lanham Act; and (3) state a claim for unfair competition under Florida state law.

## II.     LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation

and alterations omitted). When considering a motion to dismiss, the court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III. DISCUSSION

#### A. Copyright Claims

Defendants move to dismiss Plaintiff's claims for copyright infringement (Counts I and II), arguing that Plaintiff fails to plausibly allege that any protected expression in the Memoir was used in *Narcos*. In response, Plaintiff argues that she adequately alleged infringement of her original expression contained within the Memoir.

"To establish copyright infringement, 'a plaintiff must prove (1) [its] ownership of the copyright and (2) 'copying' by the defendant or person who composed the defendant's work.'" *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007) (quoting *Ferguson v. NBC,* 584 F.2d 111, 113 (5th Cir. 1978)). Defendants do not dispute Plaintiff's allegation that she holds a copyright, and thus the first element has been satisfied for purposes of this Motion. Therefore, the essential question is whether Plaintiff has adequately alleged that Defendants unlawfully copied elements of Plaintiff's Memoir.

To demonstrate copying, a plaintiff must show "that the person who composed the defendant's work had access to the copyrighted material and that there is substantial similarity between the two works." *Id.* For purposes of their Motion, Defendants do not contest Plaintiff's allegations that Defendants had access to the Memoir. Instead, Defendants argue that Plaintiff has not alleged that substantial similarities exist between the two works.

Copyright protection does not extend to historical or contemporary facts, material traceable to common sources or in the public domains, and *scenes a faire*. *See Chaise-Riboud v.*

3

*Dreamworks, Inc.*, 987 F. Supp. 1222, 1226 (C.D. Cal. 1997); *Infodek, Inc. v. Meredith-Webb Printing Co.*, 830 F. Supp. 614, 624 (N.D. Ga. 1993). Further, "[i]deas, as opposed to expression of those ideas, are not protected by copyright law." *Corwin*, 475 F.3d at 1250. While facts themselves are not protectable, "it is beyond dispute that compilations of facts are within the subject matter of copyright" even though "copyright in a factual compilation is thin." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345, 349 (1991). To the extent that a "compilation author clothes facts with an original collocation of words, he or she may be able to claim a copyright in this written expression." *Id.* at 348. Thus, an author's selection and arrangement of facts, as well as her observations, if original, are protectable. *See id.* "Others may copy the underlying facts from the publication, but not the precise words used to present them." *Id.*

In the Complaint, Plaintiff details three specific examples of infringement. Defendants argue that these three examples do not show that any protected expression was copied. The Court will address each example in turn.

### 1. The Caress of a Revolver

First, Plaintiff alleges that a scene in *Narcos* Season One, Episode Three infringes on a chapter of the Memoir entitled "La caricia de un revolver." *See* Compl. ¶¶ 29–30. Plaintiff states that from approximately minutes 4:00 to 5:15, the character Valeria Velez (the character allegedly based on Plaintiff) has an intimate encounter with Pablo Escobar that involves a revolver, and that this encounter infringes on the original expression in the Memoir. *Id.* While Plaintiff does not provide the specific details of the scene in *Narcos* that allegedly infringed on the Memoir, Plaintiff does allege that this scene involves a unique expression–namely, an intimate encounter that involves a revolver. While copyright protection does not extend to ideas, *Corwin*, 475 F.3d at

4

1250, it is plausible that Defendants infringed on Plaintiff's expression with respect to this scene. As such, Defendants' Motion to Dismiss as it relates to the "Caress of a Revolver" scene is DENIED.

### 2. Escobar's Wife Meets Vallejo (Velez)

Next, Plaintiff alleges that there is a scene in *Narcos* Season Two, Episode One where Escobar introduces Valeria Velez to his wife at "at an early civic event intended to propel Escobar into politics." Compl. ¶ 31. Plaintiff alleges that this scene is based on the Memoir's "unique and original expression of that very meeting and event" in the chapter "Dos futuros presidents y Viente poemas de amor." *Id.* Copyrightable expression also does not include *scenes a faire*, or, "sequences of events which necessarily follow from a common theme" or "incidents, characters, or settings that are indispensable or standard in the treatment of a given topic." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999). Here, beyond allegations of how Escobar's wife is portrayed in this scene (as "uncomfortable," "outwardly cold towards Velez," and "developing unease with Escobar's elevating profile and the crowd"), Plaintiff does not allege what unique expression has been infringed upon. The alleged portrayal of Escobar's wife as cold and uncomfortable is nothing more than *scenes a faire. See, e.g., Weller v. Flynn*, 312 F.Supp.3d 706, 724 (N.D. Ill. 2018) (finding that a plot of a jealous or vengeful lover is not protectable). Accordingly, Defendants' Motion to Dismiss as it relates to the "Escobar's Wife Meets Vallejo" scene is GRANTED and the copyright claims as they relate to this scene are DISMISSED WITHOUT PREJUDICE.

### 3. That Palace in Flames

Finally, Plaintiff alleges that *Narcos* Season One, Episode Four "misappropriates the unique expression found in the Memoir's chapter 'That Palace in Flames,' ('Aquel palacio en

5

llamas').)." Compl. ¶¶ 32–36. Plaintiff alleges that Defendants copied the Memoir chapter title for the title of this episode. *Id*. ¶ 32. Plaintiff also alleges that the Memoir's chapter and Season One, Episode Four both recount the raid on Colombia's Palace of Justice. *Id.* ¶ 33. Plaintiff alleges that "[a]t the time of the Memoir's publication, there was no judicial or historical proof that Escobar had contributed to M-19's siege on the Palace of Justice" but concedes that after the Memoir was published, "the case regarding the Palace of Justice was re-opened . . . and [Plaintiff] was called to testify about the unique and original expressions in her Memoir pertaining to this tragedy and the resulting investigation." *Id.* ¶ 34. Most specifically, Plaintiff alleges that it was her Memoir that "presented a unique expression" of the meeting between Escobar and Iván Torres and of Escobar's "assumption of the solidarity with [M-19's] cause. *Id.* ¶ 35. Copyright protection does not extend to facts. *See BUC Intern. Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007). Plaintiff does not allege that *Narcos* misappropriated any expression, beyond facts, in this episode. As such, Defendants' Motion to Dismiss as it relates to "That Palace in Flames" is GRANTED the copyright claims as they relate to this scene are DISMISSED WITHOUT PREJUDICE.

Accordingly, Defendants' Motion to Dismiss as to Counts I and II of the Complaint is GRANTED IN PART and DENIED IN PART as set forth above.

    **B.**    **Lanham Act Claims**

Defendants move to dismiss Count IV of the Complaint, arguing that Plaintiff fails to state a claim for unfair competition under Section 43(a) of the Lanham Act, 15 U.S. C. § 1125(a). Defendants argue that Plaintiff's claim is precluded by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), which holds that "origin" as used in the Lanham Act "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea,

6

concept, or communication embodied in those goods." *Dastar Corp.*, 539 U.S. at 37.  In response, Plaintiff argues that Defendants misconstrue Plaintiff's Lanham Act claim, and that Count IV "regards the appropriation of [Plaintiff's] identifying characteristics regarding her name and likeliness, as well as indicia regarding her persona," which "are exclusive to [Plaintiff]."  Resp. at 13.

"Unfair competition" under the Lanham Act includes palming off, false designation of origin, and trademark infringement.  *Turner Greenberg Assocs., Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004).   Defendants interprets Count IV as an allegation of false designation of origin.  Plaintiff appears to concede this is a possible theory of liability, but also attempts to frame the claim as one of false endorsement.  Resp. at 13 ("To the extent that Vallejo's claim also regards the false designation of origin of services, as it does, that claim is not barred" and "Count IV regards the appropriation of [Plaintiff's] identifying characteristics regarding her name and likeness, as well as indicia regarding her persona.").  It is unclear what theory of liability Plaintiff is asserting in Count IV under the Lanham Act and on this basis alone, Count IV should be dismissed.  However, the Court will discuss both potential theories of liability that Plaintiff seems to allege, both of which fail.

First, Plaintiff fails to allege a claim under a theory of false designation of origin.  The false designation of origin provision "has been construed by the courts as creating a federal action for 'passing off,' which occurs 'when a producer misrepresents his own goods or services as someone else's.'"  *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007) (quoting *Dastar*, 539 U.S. at 28 n. 1).  A passing off claim requires a showing that the defendant "falsely suggested that the plaintiff was the producer of the tangible product sold in the marketplace."  *Id.* (quoting *Dastar*, 539 U.S. at 31) (internal quotation omitted).  Here, there are

no allegations that Defendants attributed or otherwise suggested that Plaintiff was a producer of the show *Narcos*. Accordingly, Plaintiff cannot state a claim for false designation. At most, Plaintiff alleges that others were confused by Plaintiff's association with the show, but does not attribute this confusion to Defendants' conduct.

Next, to establish a *prima facie* case of false endorsement under Section 43(a) of the Lanham Act, "a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (internal citation and quotation marks omitted). Here, Plaintiff alleges she has trademark rights because she "has achieved certain source identifying characteristics regarding her name and likeness–as well as indicia regarding her persona" and that those rights are exclusive to Plaintiff. Compl. ¶ 78. Further, Plaintiff alleges that Defendants infringed on these rights by "[c]ross-references to, and conflation and association" of the character Valeria Velez and Plaintiff. *Id.* ¶ 80. Defendants argue that Plaintiff's claims are all tied directly to the content of the Memoir, and that further, any claim of false endorsement is barred by the First Amendment because the Valeria Velez character is artistically relevant to *Narcos* and not explicitly misleading. Reply at 8.

The Lanham Act is construed narrowly when deciding whether an artistically expressive work infringes a trademark. *Univ. of Alabama Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1278 (11th Cir. 2012). The Second Circuit set forth the "Rogers test" in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), which balances the public's First Amendment interest in free expression against the public's interest in being free from consumer confusion about affiliation and

endorsement.[3] Under the *Rogers* test, Section 43(a) of the Lanham Act will not be applied to expressive works "unless the [use of the trademark] has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the [use of trademark] explicitly misleads as to the source or the content of the work." *Id*. at 999.

As an expressive work, *Narcos* is entitled to First Amendment protection. Plaintiff's Lanham Act claim is thus subject to the *Rogers* test. Here, as discussed above, Plaintiff does not allege that Defendants were explicitly misleading about the source or content of *Narcos*. Further, Plaintiff does not and cannot allege that the character of Valeria Velez is not artistically relevant to the show. As such, Plaintiff has failed to allege facts to make out a plausible claim that survives the *Rogers* test. *See Brown v. Elec. Arts, Inc*., 724 F.3d 1235, 1248 (9th Cir. 2013) (affirming dismissal of Lanham Act claims where Plaintiff failed to allege sufficient facts to make out a plausible claim that survives the *Rogers* test); *Rebellion Developments Ltd. v. Stardock Entm't, Inc*., No. 12-12805, 2013 WL 1944888, at *6 (E.D. Mich. May 9, 2013) (granting motion to dismiss where Plaintiff cannot satisfy the *Rogers* test).

Accordingly, Defendants' Motion to Dismiss as to Count IV of the Complaint is GRANTED and Count IV of the Complaint is DISMISSED WITH PREJUDICE.

### C.     Common Law Unfair Competition Claims

Plaintiff's claim for common law unfair competition is evaluated using the same legal standard as the claim for the false association under the Lanham Act. *See ADT LLC v. Vivint, Inc.*, No. 17-CV-80432, 2017 WL 8404330, at *5 n.4 (S.D. Fla. Nov. 20, 2017) (citing *Custom Mfg. and Eng'g, Inc*., 508 F.3d, at 652). Thus, for the same reasons Plaintiff fails to state a claim under

---

[3] The Eleventh Circuit adopted the *Rogers* test in *University of Alabama Board of Trustees,* 683 F.3d at 1278.

the Lanham Act, Plaintiff fails to state a claim under Florida State law.  Accordingly, Defendants' Motion to Dismiss as to Count III of the Complaint is GRANTED and Count III of the Complaint is DISMISSED WITH PREJUDICE.

## IV.     CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (ECF No. 16) is GRANTED IN PART AND DENIED IN PART as set forth above.  Plaintiff may file an Amended Complaint as to Counts I and II on or before June 6, 2019.

DONE AND ORDERED in Chambers at Miami, Florida, this  24th  day of May, 2019.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c:      All counsel of record