UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-23462-KMM

VIRGINIA VALLEJO,

    Plaintiff,

v.

NARCOS PRODUCTIONS, LLC *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Dynamo Producciones S.A.'s Motion to Dismiss. ("Dynamo" or "Defendant") ("Mot.") (ECF No. 22). Plaintiff Virginia Vallejo filed a response in opposition. ("Resp.") (ECF No. 32). Defendant filed a reply. ("Reply") (ECF No. 36). The motion is now ripe for review.[1]

### I.   BACKGROUND[2]

Plaintiff is a Florida resident, internationally recognized television and radio journalist, and the author of "Amando a Pablo, Odiando a Escobar" ("Loving Pablo, Hating Escobar") (the "Memoir"). Compl. ¶ 1. The Memoir details Plaintiff's relationship with Pablo Escobar and her cooperation with Colombian and United States authorities in prosecuting drug cartel bosses and

---

[1] On June 10, 2019, Plaintiff filed an Amended Complaint. ("Am. Compl.") (ECF No. 50). The Court ordered the Parties to show cause whether the Motion was moot in light of the Amended Complaint. (ECF No. 51). Dynamo stated the Motion is not moot (ECF No. 53) and the Court agrees.

[2] The Court set forth the factual background previously in its Order on Motion to Dismiss dated May 24, 2019. (ECF No. 45). As such, the Court will only provide a brief recitation of the background herein. Because the briefing refers to the original Complaint, the background citations will be citations to the original Complaint. ("Compl.") (ECF No. 1).

others.  *Id.*  Plaintiff obtained two United States copyrights for the Memoir, registrations TX0007105765 and TX0007833787.  *Id*. ¶¶ 15–16.

The television program *Narcos* is available for viewing through the Internet-based video service or over-the-top provider, Netflix.  *Id.* ¶ 7. *Narcos* spotlights the love affair between Pablo Escobar and a Colombian journalist and television personality named Valeria Velez, which caricaturizes Plaintiff.  *Id.* ¶ 19.  There are multiple scenes in *Narcos* that are duplicative of events expressed in the Memoir, including settings and events unknown to the public prior to the publication of the Memoir.  *Id.* ¶ 27.

In the Complaint, Plaintiff alleges claims of copyright infringement, trademark infringement, and Florida common law unfair competition.[3]  Dynamo moves to dismiss the Complaint for lack of personal jurisdiction.  (ECF No. 22).

## II.    LEGAL STANDARD

A party may move for dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  To survive a motion to dismiss for lack of personal jurisdiction, the complaint must contain facts sufficient to plausibly allege a prima facie case of personal jurisdiction over the nonresident defendant.  *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625–26 (11th Cir. 2010); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  If the plaintiff does so, the burden shifts to the defendant to contradict the plaintiff's allegations by affidavits or other competent evidence.  *See Posner v. Essex Ins. Co*., 178 F.3d 1209, 1214 (11th Cir. 1999). To the extent the defendant's proffered evidence does not contradict the plaintiff's jurisdictional allegations, the allegations must be accepted as true.  *See*

---

[3]  On May 24, 2019, the Court dismissed Plaintiff's claims of trademark infringement and common law unfair competition.  (ECF No. 45).

*id*. at 1215 (citation omitted).  "But to the extent the defendant does contradict the plaintiff's allegations, the burden shifts back to the plaintiff, this time requiring the plaintiff to prove—not merely allege—jurisdiction by affidavits, testimony, or other documents." *Atmos Nation LLC v. Alibaba Grp. Holding Ltd*., No. 0:15-CV-62104-KMM, 2016 WL 1028332, at *3 (S.D. Fla. Mar. 15, 2016) (citing *Posner*, 178 F.3d at 1214–15).

A federal court typically applies a two-step test when analyzing jurisdiction over a nonresident defendant.  *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).  First, the plaintiff must demonstrate that the court has personal jurisdiction under the applicable state long-arm statute.  *Id.*  Second, if the state's long-arm statute is satisfied, the plaintiff must show that the exercise of jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.  *Id*.

**III.    DISCUSSION**

Florida's long-arm statute provides for both general and specific personal jurisdiction.  *See* Fla. Stat. § 48.193(1)-(2).  Plaintiff does not allege that Dynamo is subject to general personal jurisdiction in Florida.  Resp. at 11.  Instead, Plaintiff alleges that Dynamo is subject to specific personal jurisdiction under Florida Statute Sections 48.193(1)(a)(2) and 48.193(1)(a)(6).  Dynamo argues that Dynamo is not subject to specific personal jurisdiction under the Florida long-arm statute because Dynamo did not commit any in-state activities giving rise to specific personal jurisdiction.

**A.    Florida Statute Section 48.193(1)(a)(2)**

Dynamo argues Dynamo was not a producer of *Narcos*, as Plaintiff alleged, but instead was merely a contractor hired by the producer, Narcos Productions, LLC ("Producer") and that

Dynamo did not commit a tortious act within the state. In response, Plaintiff argues that Dynamo's actions related to the alleged copyright infringement that caused Plaintiff's injury in Florida.

Section 48.193(1)(a)(2) confers specific jurisdiction over nonresident defendants in "any cause of action arising from . . . [commission of] a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state. *Roberts v. Gordy*, No. 13-24700-CIV, 2015 WL 11202580, at *2 (S.D. Fla. Apr. 16, 2015). Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida. *See id.*

However, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). Although Plaintiff alleges that Dynamo, along with the other defendants, was a producer of *Narcos*, Compl. ¶ 5, Dynamo has provided affidavits to show that Dynamo was, in fact, only a contractor for the series. *See* Declaration of Andrés Calderón ("Calderón Decl.") (ECF No. 22–1) ¶ 4; "Production Services Agreement" (ECF No. 22–1) at 9.[4] Dynamo provided pre-production services such as location scouting, setting up bank accounts, setting up meetings, and production of principal photography. Calderón Decl. ¶¶ 4–5. Dynamo had no input in the content of the story told in *Narcos* and any photography or film work done by Dynamo crews was based on the Producer's scripts and at the Producer's direction. *Id.* ¶ 12; Declaration of Carol Trussell ("Trussel Decl.") (ECF No. 22–2) ¶ 7. Dynamo also did not have any role in the marketing or distribution of *Narcos*. Calderón Decl. ¶ 12. Plaintiff does

---

[4] Plaintiff attempts to bolster its jurisdictional allegations against Dynamo in the Amended Complaint, but still alleges that Dynamo was a producer of Narcos. Am. Compl. ¶ 5, 19. Further, all the new details Plaintiff alleges about Dynamo in the Amended Complaint were discussed in the briefing and affidavits for this Motion. *Compare* Am. Compl. ¶ 26 *with* Resp. at 3–9.

not provide any evidence to dispute this. Instead, Plaintiff argues that Dynamo may be liable for "contributory copyright infringement." Resp. at 12. However, Plaintiff does not allege contributory copyright infringement in the Complaint or Amended Complaint and is instead attempting to impart a new theory of liability to confer jurisdiction over Dynamo. *See, e.g., Disney Enters., Inc. v. Hotfile Corp.,* No. 11-20427-CIV, 2013 WL 6336286, at *29 (S.D. Fla. Sept. 20, 2013) (noting that contributory infringement is "court-created and do[es] not rely on the Copyright Act or another statute."). Accordingly, there is no basis for jurisdiction based on an alleged tortious act by Dynamo.

### B. Florida Statute Section 48.193(1)(a)(6)

Dynamo next argues that Dynamo's work in connection with *Narcos* was performed entirely in Colombia and Dynamo did not engage in any solicitation or service activities in Florida in connection with *Narcos*.[5] In response, Plaintiff argues that Dynamo solicited Plaintiff at her home in Florida and the *Narcos* series was consumed in Florida. Specifically, Plaintiff argues that Dynamo engaged in solicitation or service activities within the state because (1) a former Dynamo employee, Rodrigo Guerrero Rojas ("Mr. Guerrero"), solicited Plaintiff in 2006 through 2008; and (2) *Narcos* can be streamed in Florida. In its reply, Dynamo argues that (1) the interaction between Plaintiff and Mr. Guerrero was not on behalf of Dynamo and that Mr. Guerrero stopped working at Dynamo before Dynamo entered into any contract regarding the Vallejo/Escobar story; and (2) Dynamo did not manufacture any "product."

---

[5] Dynamo also argues that there was no injury under Florida Statute § 48.193(1)(a)(6) because economic injury is insufficient under the statute. However, injury to property is sufficient injury under the statute and "[a] copyright is considered a form of property." *Precision Software Servs., Inc. v. Fortune Fin. Sys., Inc*., No. 98-136-CIV-FTM-17D, 1998 U.S. Dist. LEXIS 22068, at *13 (M.D. Fla. Oct. 13, 1998) (citing *Borden v. Katzman*, 881 F.2d 1035, 1038 (11th Cir. 1989)).

Section 48.193(1)(a)(6) confers specific jurisdiction over nonresident defendants in "any cause of action arising from . . . [commission of] injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: [t]he defendant was engaged in solicitation or service activities within this state; or [p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." Fla. Stat. § 48.193(1)(a)(6).

To support her claim of solicitation, Plaintiff provides emails between Plaintiff and Mr. Guerrero related to the Memoir. *See generally* (ECF No. 32–1). However, the emails from Mr. Guerrero are from a Dynamo Capital email address and include a Dynamo Capital signature line, not Dynamo Producciones. *See, e.g.*, (ECF No. 32–1) at 9.[6] Plaintiff argues that Dynamo Capital is "an affiliate of Dynamo [Producciones]" and that the two affiliates have "used a conjoined/joint website in the past." Resp. at 5. However, Plaintiff does not allege that Defendant Dynamo Producciones and Dynamo Capital are alter egos of each other.

"[A]s long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). Personal jurisdiction may be assumed over another corporate entity only if the plaintiff can demonstrate "(1) that the subsidiary is a mere instrumentality of the parent; and (2) improper conduct." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289 (S.D. Fla. 2014). "A parent uses a subsidiary as a 'mere instrumentality' when it directs and controls the business operations and sets the policies of the subsidiary while a parent

---

[6] Additionally, the emails between Mr. Guerrero and Plaintiff were from 2006 through 2008, which is at least two years before Plaintiff obtained a copyright and at least seven years before *Narcos* was released on Netflix. *Compare* ECF No. 32–1 *with* Compl. ¶¶ 15–16, 22.

engages in 'improper conduct' if it uses the subsidiary to mislead creditors or to perpetrate a fraud upon them or as a means of evading liability." *Atmos Nation LLC*, 2016 WL 1028332, at *6 (internal quotation marks and citations omitted).  Here, Plaintiff has not alleged either element and has not otherwise shown why, even if Mr. Guerrero was acting on behalf of Dynamo Capital, these actions should comport jurisdiction onto Defendant Dynamo Producciones.  Accordingly, the Court finds no basis to exercise personal jurisdiction over Defendant Dynamo Producciones by virtue of Mr. Guerrero's alleged solicitation of Plaintiff.

Plaintiff's argument that the *Narcos* series was consumed in Florida is similarly without merit.  Plaintiff makes no attempt to establish how Dynamo, as a contractor, "processed, serviced, or manufactured" a product to confer jurisdiction under the long-arm statute.  As such, Plaintiff has failed to prove jurisdiction.  *See id.* at *3 (finding "the plaintiff [must] prove—not merely allege—jurisdiction").

## IV.  CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Dynamo's Motion to Dismiss (ECF No. 22) is GRANTED.  The Clerk of the Court is instructed to TERMINATE Defendant Dynamo Producciones S.A. from this action.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of June, 2019.

*[signature]*

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c:  All counsel of record