UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23462-CIV-SMITH

VIRGINIA VALLEJO,

    Plaintiff,

vs.

NARCOS PRODUCTIONS LLC *et al.,*

    Defendants.
_____/

### DEFENDANTS' MOTION TO EXCLUDE THE EXPERT WITNESS TESTIMONY OF ALEXANDER CLEMONS OR, ALTERNATIVELY, TO DEPOSE THE PUTATIVE EXPERT

Defendants, pursuant to Rules 402, 403, and 702 of the Federal Rules of Evidence, move for the entry of an Order excluding the testimony of Plaintiff's putative expert witness, Alexander Clemons, or, alternatively, granting Defendants leave to depose Mr. Clemons. The relief requested in this Motion ***will not affect*** the Court's consideration of the parties' cross-motions for summary judgment because the summary judgment motions relate solely to the issue of liability (and not damages), whereas Mr. Clemons's proffered testimony relates solely to the issue of damages (and not liability). The grounds for this Motion are:

Plaintiff served an expert witness report from Alexander Clemons on June 7, 2019. A copy of the report is attached as Exhibit 1. According to the report, Mr. Clemons intends to testify (in the form of an opinion) regarding Plaintiff's alleged damages, which Mr. Clemons says is the profits that each Defendant earned[1] during the period between August 28, 2015 and September 2,

---

[1] As stated in Mr. Clemons's report, Plaintiff's theory of damages and, correspondingly, Mr. Clemons's opinion on damages, are not based on any actual damages incurred by Plaintiff (which are also commonly referred to as compensatory damages), but are instead based on the alternate

2016 (Ex. 1, pp. 14, 23-24 of 25).  Subsequent events have rendered Mr. Clemons's opinion irrelevant and inadmissible.

Specifically, by Order dated October 28, 2019 (DE 118), the Court ruled that Plaintiff's claim and corresponding damages period is limited to the sixteen-week period between August 28, 2015[2] and December 19, 2015.[3] *See* DE 118, at p. 4 (noting Plaintiff's own characterization of her damages period) ("Thus, Plaintiff held all rights in her memoir and the copyrights from the time of the release of *Narcos* until the time of the option exercise and has standing to sue for damages incurred during that time period."); *see id.* at p. 6 (recognizing the "limited damages period"); p. 10 (" . . . Plaintiff has standing to sue for infringement occurring from the time *Narcos* was released until the time the Purchaser exercised the option.").

The Court's ruling that Plaintiff's "limited damages period" ends on December 19, 2015 renders Mr. Clemons's opinion regarding damages irrelevant – and, thus, inadmissible – because his damages theory is expressly premised upon a damages period that runs until September 2, 2016.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony.  Although the rules of evidence relating to the general admissibility of relevant evidence "reflect the general policy of the Federal Rules for liberal admission of evidence," Rule 702, in

---

measure of damages afforded in section 504(b) of the Copyright Act, which is disgorgement of each "infringer's profits" that were realized during the relevant period and attributable to the alleged infringement (that is, only the portion of the profits that were caused by the two allegedly infringing scenes in *Narcos*). (Ex. 1, pp. 10-11 of 25).  *See* 17 U.S.C. §504(a)(1) & (b).

[2] This is the date on which the first season of *Narcos* was released.  *See* DE 118, p. 4.

[3] This is the date on which Plaintiff's assignment of rights became effective, as determined by the Court.  *See* DE 109, p. 5 (Plaintiff represents to the Court that the option was exercised on December 19, 2015).

#71273620_v1

conjunction with Rule 403,[4] "militates against this general policy by giving courts discretion to preclude expert testimony *unless it passes more stringent standards of . . . relevance.*" See *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999) (emphasis added).

More specifically,

> Rule 702 further requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." This condition goes primarily to relevance. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." 3 Weinstein & Berger ¶ 702[02], p. 702–18. See also *United States v. Downing*, 753 F.2d 1224, 1242 (CA3 1985) ("An additional consideration under Rule 702—and another aspect of relevancy—is **whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute**"). The consideration has been aptly described by Judge Becker as one of **"fit."** Ibid.

See *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (emphasis added); *see also McDowell v. Brown*, 392 F.3d 1283, 1298-99 (11th Cir. 2004) (citing *Daubert*, 509 U.S. at 591) ("The relevance requirement is not satisfied where the proffered testimony does not assist the trier of fact. Fed.R.Evid. 702. The relationship must be an appropriate 'fit' with respect to the offered opinion and the facts of the case.").

Mr. Clemons's offered opinion is that Plaintiff's damages are the disgorgement of a certain amount of profits that each Defendant realized during the period between August 28, 2015 and September 2, 2016. That offered opinion, however, does not fit the facts of the case – and is thus irrelevant – because the Court limited Plaintiff's claim and corresponding damages period to the period ending on December 19, 2015 (ten months earlier). Expert witness testimony regarding

---

[4] Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

alleged damages is properly excluded where, as here, the offered testimony does not "fit" because it is over-inclusive due to its extending beyond the factual predicate for damages. *See, e.g., Boca Raton Community Hospital, Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009) (affirming exclusion of expert witness testimony) ("The district court's conclusion that Boca's expert opinion on injury and damages did not fit its liability theory was not manifestly erroneous because, like an oversized coat, the expert opinion covered too much."). Mr. Clemons's opinion should be excluded because it has become irrelevant.

That Mr. Clemons's offered opinion no longer fits the facts of the case is no surprise to Plaintiff. Indeed, Plaintiff has tacitly admitted as much. When, just a few weeks ago, Plaintiff filed her response to Defendants' motion to dismiss for lack of subject matter jurisdiction, Plaintiff inserted into the record a "declaration" from Mr. Clemons in which he purports to amend, supplement, or otherwise re-size his opinion by saying that a wholly unquantified "substantial majority of damages" was incurred on or before December 18, 2015 (DE 109-1). Mr. Clemons's declaration not only fails to quantify those alleged damages incurred during the recently-limited damages period, but the declaration also fails to identify any "reliable principles and methods" for doing so. *See* Fed.R.Evid. 702(c)-(d). If Mr. Clemons is not excluded entirely, and is instead permitted to change his opinion, then Defendants should be permitted to depose Mr. Clemons regarding his newly-formed opinion and the grounds for that opinion.

Defendants anticipate that Plaintiffs will argue that Defendants are not entitled to the relief sought in this Motion because Defendants did not previously move to exclude Mr. Clemons's testimony and chose not to depose Mr. Clemons when his initial report was served. Any such argument fails for at least two reasons.

4

First, the *sole* basis for the relief sought in this Motion is that Mr. Clemons's opinion is irrelevant due to the Court's recent narrowing of the damages period. That basis obviously did not exist until the Court issued its Order and, just as obviously, Defendants could not have asserted the Court's recent Order as a basis for exclusion until now. And if Mr. Clemons is not excluded, but is instead permitted to change his opinion to try to fit the limited damages period, then there is no basis for denying Defendants the opportunity to depose Mr. Clemons regarding his opinion.

Second, the notion that Defendants waived their ability to object to the admissibility of Mr. Clemons's expert witness testimony is simply incorrect. The law in this Circuit is that objections to expert witness testimony are permitted to be raised – and considered – up to and even during trial. *See, e.g., Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 780 (11th Cir. 2004) *abrogated on other grounds in Diamond Crystal Brands, Inc. v. Food Movers International, Inc.*, 593 F.3d 1249, 1258-59, n.7 (11th Cir. 2010)) ("[A] trial court has broad discretion in determining how to perform its gatekeeper function, and nothing prohibits it from hearing a *Daubert* motion during trial."); *see id.* (quoting *Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000)) ("[A] trial court may hold *Daubert* hearing 'when asked to rule on a motion in limine, on an objection during trial, or on a post-trial motion . . . .'").

Put simply, Mr. Clemons's testimony has been rendered irrelevant – and, consequently, inadmissible – because the Court has now limited Plaintiff's claim and corresponding damages period to August 28, 2015 through December 19, 2015. Accordingly, Mr. Clemons's testimony should be excluded. Alternatively, if Mr. Clemons is permitted to change his opinion, then Defendants should be granted leave to depose him. For these reasons, Defendants respectfully request the entry of an Order excluding Mr. Clemons's testimony or, alternatively, granting Defendants leave to depose Mr. Clemons.

#71273620_v1

## CERTIFICATE OF COUNSEL

Counsel for Defendants conferred with counsel for Plaintiff prior to filing this Motion. Plaintiff does not agree to withdraw Mr. Clemons, and does not agree to Defendants' alternative request for leave to depose Mr. Clemons.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel:  (305) 374-8500 (telephone)
Fax:  (305) 789-7799 (facsimile)

By:  /s/  Scott D. Ponce
Scott D. Ponce
Fla. Bar No.: 169528
Email:  scott.ponce@hklaw.com
Rebecca J. Canamero
Fla. Bar No.: 86424
Email:  rebecca.canamero@hklaw.com

Louis P. Petrich (*pro hac vice*)
Email:  petrichl@ballardspahr.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, I electronically filed the foregoing document via the CM/ECF filing system, which will send notice via electronic mail this day to all counsel of record.

By:  /s/  Scott D. Ponce