**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 18-23462-CIV-SMITH/LOUIS

VIRGINIA VALLEJO,

    Plaintiff,

v.

NARCOS PRODUCTIONS LLC, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Defendants Narcos Productions LLC, Netflix, Inc., Gaumont Television USA LLC, and Dynamo Producciones S.A.'s Motion to Tax Costs (ECF No. 123). The Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge (ECF No. 124). The Court has carefully reviewed the Parties' submissions and is otherwise duly advised in the premises. Upon consideration, the undersigned recommends that Defendants' Motion to Tax Costs be **GRANTED, in part**.

    **I.**    **BACKGROUND**

Plaintiff Virginia Vellejo initiated this suit and alleged violations of two registered copyrights issued by the United States Copyright Office for Plaintiff's memoir, *Amando a Pablo, Odiando a Escobar*, in English, "Loving Pablo, Hating Escobar." Plaintiff alleged that Defendants, the producers and distributors of the show *Narcos*, infringed on her copyrights by creating scenes in the show that were based on facts described in her memoire. On cross motions for summary

1

judgment, the Honorable Rodney Smith entered an order granting summary judgment for Defendants, concluding that the protected material in Plaintiff's novel is not substantially similar to the episodes of the show (ECF No. 120). The Court entered final judgment for Defendants and dismissed all of Plaintiff's claims (ECF No. 122). As prevailing parties, Defendants filed a Motion to Tax Costs (ECF No. 123).

## II.   DISCUSSION

Defendants filed a Motion to Tax Costs seeking costs in the amount of $14,890.72, consisting of: $75.00 in *pro hac vice* filing fee, $60.00 for service of trial subpoena on Plaintiff, $11,203.69 for transcription and court reporter fees, and $3,905.28 in exemplification and copies, and interest (ECF No. 123). Defendants attached invoices in support of its request to tax costs (ECF No. 123-1). Plaintiff opposes recovery of costs for *pro hac vice* filing fee, serving a trial subpoena, unnecessary transcripts and related fees, and copying of electronic discovery and copies of DVDs.

Defendants, as prevailing parties, are entitled to recuperate costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### a. Filing Fee

Defendants seek to recuperate counsel's *pro hac vice* admission filing fee in the amount of $75.00. Plaintiff opposes the fee as not taxable. Defendants did not reply to Plaintiff's objection.

Other courts in this district have reasoned that *pro hac vice* fees are not recoverable because they are an expense of counsel, not the client. *Buccellati Holding Italia SPA v. Laura Buccellati LLC*, No. 13-21297-CIV, 2015 WL 11202358, at *7 (S.D. Fla. Mar. 10, 2015); *Hernandez v. Motorola Mobility, Inc.*, No. 12-60930-CIV, 2013 WL 4773263, at *5 (S.D. Fla. Sept. 4, 2013); *Covington v. Arizona Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592 at *3-4 (S.D. Fla. Jan. 25, 2011); *see also Daniel-Rivera v. Everglades Coll.*, No. 16-60044-CIV, 2017 WL 5197509, at *6 (S.D. Fla. June 16, 2017), *report and recommendation adopted*, No. 0:16-CV-60044-WPD, 2017 WL 5197949 (S.D. Fla. June 30, 2017). Consistent with this reasoning and without contrary argument from Defendants, I recommend that the Court deny Defendants' request for *pro hac vice* filing fee.

### b. Process Service

Private process fees may be taxed but must not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017

WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017). Courier fees and postage fees, however, are not taxable. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015). Subpoenas to trial witnesses who the prevailing party could have reasonably believed were at least partially necessary to the litigation may be taxed as costs. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073-CIV, 2007 WL 9706997, at *3 (S.D. Fla. Nov. 7, 2007), *report and recommendation adopted*, No. 06-80073-CIV, 2007 WL 9706996 (S.D. Fla. Dec. 6, 2007).

Defendants seek $60.00 for service of a trial subpoena on Plaintiff comprised of $30.00 for service of the subpoena and $30.00 for a rush fee. Plaintiff opposes this cost because Defendants had no basis for believing Plaintiff would not appear at trial or that a rush fee was necessary. In reply, Defendants note that the subpoena sought the production of documents and argue the subpoena was necessary to ensure that Plaintiff provided documents to be used at trial, which Defendants discovered were not produced during discovery. Defendants have stated the necessity of serving this subpoena and supported their demand with an invoice for services below the maximum permitted.

The cases cited by Plaintiff do not support her challenge. In *Spatz v. Microtel Inns & Suites Franchising, Inc.,* 2012 WL 1587663, at *3 (S.D. Fla. May 4, 2012), then Magistrate Judge Robin Rosenbaum denied costs for service that <u>exceeded</u> the statutory maximum allowed, noting that the movant had failed to explain why it was necessary to serve process in an expedited fashion that exceeded the cap.[1] Defendants' application seeks an amount below the statutory maximum and is

---

[1] Plaintiff also relies on *Rowett v. Wish Wash 2 LLC*, No. 16-CV-81904, 2018 WL 5098852, at *3 (S.D. Fla. Aug. 29, 2018), *report and recommendation adopted in part, rejected in part*, No. 16-81904-CIV, 2018 WL 5113924 (S.D. Fla. Oct. 3, 2018). It is not clear from the Order adopting in part whether the recommendation not to award costs for the service of trial subpoena was adopted by the District Court. Assuming it was, the opinion is distinguishable as Magistrate Judge Matthewman there observed that the cost of serving trial subpoena on parties to the action could not be justified by the fact that the parties resided out of the District. By contrast, Defendants have justified the necessity of serving the subpoena for the production of documents at trial.

supported with the explanation that the documents sought from Plaintiff in the subpoena had just been identified by Defendants through independent investigation. Accordingly, Defendants' cost for service of process should be awarded, in the amount of $60.00.

### c. Court Reported/Transcript Costs

Defendants seek costs of $11,203.69 for court reporting for seven depositions and transcription of three hearings (motion to dismiss and two calendar calls). Plaintiff opposes recovery of costs for video recording of the transcripts and related video synchronization fees, litigation package fees, and exhibit fees. Plaintiff contends that Defendants' recoupable costs are limited to those incurred for the stenographically transcribed transcripts and related court reporter attendance fees, totaling $7,622.90, and challenge Defendants' ability to recoup all other costs for "exhibit management," delivery fees, rough drafts, litigation packages and fees to expedite.

The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

However, not all deposition costs are recoverable. miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for

5

convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013). Similarly, a prevailing party may recover the costs to expedite the transcription of a transcript upon a showing that it was necessary to expedite, *see Abrams-Jackson v. McKeever*, No. 16-CV-81624, 2017 WL 8948962, at *3 (S.D. Fla. Dec. 18, 2017), *aff'd,* No. 16-81624-CIV, 2018 WL 1967134 (S.D. Fla. Jan. 11, 2018) (citing *Procaps v. Patheon, Inc.*, No. 12-24356-CIV-GOODMAN, 2016 WL 411017, *3 (S.D. Fla. Feb. 2, 2016)); but not where expedited services are for the convenience of counsel. *Id*. (citing *Guerra v. Se. Freight Lines, Inc.*, NO. 12-24356-CIV-GOODMAN, 2014 WL 6751589, *7 (S.D. Fla. Aug. 8, 2014).

Plaintiff first opposes Defendants' request for costs related to video depositions. Defendants defend the necessity of obtaining seven video depositions because the witnesses lived out of state and were outside the Court's subpoena power, thus their physical appearance at trial was not guaranteed. This contention is not disputed. Indeed, it is reasonable to expect that witnesses who are outside the Court's subpoena power may not be available to testify at trial and a video deposition is necessary. Accordingly, I recommend that Defendants be awarded costs related to necessary video depositions. *Ow Buland v. NCL (Bahamas) Ltd.*, No. 17-24167-CIV, 2019 WL 2254829, at *2 (S.D. Fla. Apr. 29, 2019), *report and recommendation adopted*, No. 17-CV-24167-PCH, 2019 WL 2254703 (S.D. Fla. May 20, 2019) (awarding costs of video deposition where witness was outside the subpoena jurisdiction of the court).

Plaintiff also challenges a $487.50 fee for the video synchronization for the deposition of Christopher Brancato. Defendants argue that such fees were necessary because it would have

assisted in the presentation of video deposition at trial. Section 1920 does not permit video synchronization costs. *See Rodriguez v. Geovera Specialty Ins. Co.*, No. 18-23585-CIV, 2020 WL 2732337, at *8 (S.D. Fla. May 26, 2020) (denying request for video synchronization fees under Section 1920 and distinguishing case where video synchronization fees were permitted in request for expert fees as opposed to costs). Accordingly, I recommend that Defendants not be awarded costs associated with video synchronizations.

Plaintiff also opposes Defendants' request for costs associated with fees to expedite certain deposition transcripts. Defendants contend that expedited fees and rough drafts were necessary because five out of the seven depositions were taken within the span of a month pursuant to the Court's order permitting depositions be taken out of time (ECF No. 63). Defendants argue that without expediting the transcripts, counsel would not have been able to adequately prepare the motion for summary judgment.

Defendants argue that expedited transcripts were necessary because the depositions all took place within one month of the deadline to file the motion for summary judgment. While Defendants do not explain why the depositions could not have occurred earlier in the case, I note that the depositions taken at this time were pursuant to the Court's Order granting leave to take depositions out of time, and recognize that the reasons for the delay were accepted by the Court granting leave. Accordingly, Defendants have substantiated the necessity of the fee to expedite the transcript.[2] However, the other miscellaneous fees associated with the depositions—including delivery fees, litigation packages, and "exhibit management"—are neither substantiated as necessarily incurred nor recoupable. Thus, the costs associated with deposition transcripts and videography that I recommend awarding to Defendants is as follows:

---

[2] Only one of the invoices submitted shows a fee for expedited transcription: that for the deposition of Christopher Brancato on June 20, 2019. ECF No. 123-1 at 17.

| Deposition | Recommended Award |
|---|---|
| Dana Calvo | $2,040.30 |
| Anne Bartnett Vol. 1 | $606.70 |
| Anne Bartnett Vol. 2 | $385.50 |
| Anne Bartnett Video Services | $375.00 |
| Antonin Dubouis | $266.50 |
| Antonin Dubouis Video Services | $125.00 |
| Tim Stephen | $238.50 |
| Tim Stephen Video Services | $125.00 |
| Vanessa Shapiro | $650.80 |
| Vanessa Shapiro Video Services | $250.00 |
| Christopher Brancato | $2,085.75 |
| Virginia Vallejo | $1,348.85 |
| **TOTAL** | **$8,497.90** |

Finally, I do not recommend awarding Defendants their costs incurred in the transcription of two calendar calls or the motion to dismiss. Other than expressing counsel's preference for having the transcript for trial preparation, Defendants have not explained why this cost was necessarily incurred.

d.  **Copying Costs**

Copying costs are recoverable if the copies were necessarily obtained for use in the case rather than for the convenience of counsel. *Buccellati*, 2015 WL 11202358, at *10. Defendants

seek $3,642.03 in copying and exemplification costs: $2,013.00 for electronic discovery services including the processing and Relativity searches and review of documents (ECF No. 123-1 at 25-26), $285.00 in copying various portions of *Narcos* episodes, and $1,539.03 in copying of other books in anticipation of trial (*id.* at 7, 27-47).

Defendants seek fees for a vendor to gather and search its electronic data base for document production in response to discovery requests. The vendor's invoices include fees for processing, running searches, and identifying documents in the database. Defendants contend that these costs are recoverable under Section 1920(4), which provides "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

Defendants' e-discovery costs are not fairly characterized as "copying" and may not be recovered as such. Upon review of the invoices, the work performed by Defendants' vendor is described as processing and searching. "If these documents were not in electronic format, this work would likely be performed by paralegals and attorneys, and would not be described as making copies." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC,* No. 9:11-CV-80601-DMM, 2016 WL 3262622, at *4 (S.D. Fla. Mar. 9, 2016) (declining to award electronic discovery costs where the invoices did not reflect that the work by the vendor actually included copying). Here, the invoices do not indicate that tasks performed by the vendor included copying, and thus, the request for copying costs related to electronic discovery should be denied. *Id.*; *see also Buccellati*, 2015 WL 11202358, at *10 (denying request for copying costs relating to electronic discovery because the charges did not appear to be copying expensed, rather indicated the vendor searched and processed electronic document).

Defendants also seek fees for exemplification and copies of four copies of three different *Narcos* DVDs and six copies of other books and movies for the use in this litigation. Plaintiff

9

objects, arguing that Defendants should not receive costs for copying of materials that Defendants had in their possession (*Narcos* DVD) or unrelated to the present case. In reply, Defendants explain that they intended to use the copies of the books at trial.

As with deposition costs, 28 U.S.C. § 1920 only allows recovery of exemplification and copy fees if they are "necessarily obtained for use in the case." The party moving for costs has the burden to show that the copies for which reimbursement is sought were necessarily obtained for use in the case. *See Diaz v. AIG Mktg., Inc.*, No. 09-60011-CIV, 2010 WL 2541872, at *4 (S.D. Fla. June 1, 2010), *report and recommendation adopted*, No. 09-60011CIV, 2010 WL 2541111 (S.D. Fla. June 22, 2010). Copies attributable to discovery, pleadings, correspondence, exhibits, documents tendered to the opposing party, copies, and documents prepared for the Court's consideration are all recoverable. *See Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Engineers*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005).

Defendants have met their burden with respect to the *Narcos* DVD, explaining that the DVDs and copies were necessary to aid the Court at summary judgment and trial by focusing on the specific scenes at issue (as opposed to having to review the entire episode). Accordingly, I recommend that Defendants be awarded $285.00 for obtaining those copies. Conversely, I find Defendants have not met their burden of showing the necessity of its copying costs related to books and movies that do not bear any relevance to this case. Defendants attach invoices for the purchase of several novels to their Motion and in the Reply, Defendants explain that copies of those books were necessary because counsel anticipated using them at trial. Such conclusory assertion does not satisfy their burden and as such, I recommend that Defendants not be awarded costs for copying of other books and movies. *See Arnold v. Heritage Enters. of St. Lucie, LLC*, No. 13-14447-CIV, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, No. 13-

14447-CIV, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (amount claimed for exemplification and copies reduced for failing to demonstrate that copies were necessary). Similarly, Defendants offer the same conclusory basis for purchasing seven copies of Plaintiff's Memoire (three in Spanish and four in English). For these reasons, Defendants' copying costs should be limited to $285.00.

Accordingly, I recommend that Defendants' Motion to Tax Costs be **GRANTED, in part and DENIED, in part**; and that Defendants be awarded costs in the amount of **$8,842.90.**

### III.   RECOMMENDATIONS

For the foregoing reasons, I recommend that Defendants' Motion to Tax Costs (ECF No. 123) be **GRANTED, in part**, and that Defendants be awarded a total of **$8,842.90**. Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Rodney Smith, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 19th day of August, 2020.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**