UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23462-CIV-SMITH/LOUIS

VIRGINIA VALLEJO,

    Plaintiff,

v.

NARCOS PRODUCTIONS LLC, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants' Motion for Award of Attorney's Fees and Non-Taxable Expenses (ECF Nos. 132). The Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge (ECF No. 141). The Court has carefully reviewed the Parties' submissions and is otherwise duly advised in the premises. Upon consideration, the undersigned recommends that Defendants' Motion for Award of Attorneys' Fees be **GRANTED, in part**.

**I.    BACKGROUND**

Plaintiff Virginia Vellejo initiated this suit and alleged violations of two registered copyrights issued by the United States Copyright Office for Plaintiff's memoir, *Amando a Pablo, Odiando a Escobar*, in English, "Loving Pablo, Hating Escobar." In the Complaint, Plaintiff alleged that Defendants, the producers and distributors of the show *Narcos*, infringed on her copyrights in three scenes from the first season of the show: the first scene depicts an intimate encounter between Plaintiff and Escobar involving a revolver (the "revolver scene"), the second a

1

meeting between Plaintiff and Pablo Escobar's wife, and the third a meeting between Escobar and a man named Ivan, and a siege of a Colombian court (the "meeting scene"). Defendants filed a motion to dismiss, which the Court granted in part and denied in part (ECF No. 45). The case was then assigned to Chief Judge K. Michael Moore, who denied the motion to dismiss with respect to the revolver scene, but granted the motion with respect to the second and third (meeting) scenes, neither of which contained copyrightable expression. Dismissal was granted without prejudice, and Plaintiff filed an Amended Complaint alleging claims relating to only the revolver and meeting scenes (ECF No. 50).

Following discovery, the Parties filed cross motions for summary judgment. Defendants moved for summary judgment on the basis that there is no copyright protection for a historical fact, and the only similarities between the Memoire and the show were uncopyrightable facts. Plaintiff maintained that she was entitled to summary judgment because the average viewer would recognize the two scenes as having been copied from her copyright protected book. The Honorable Rodney Smith entered an order granting summary judgment for Defendants, concluding that the protected material in Plaintiff's novel is not substantially similar to the episodes of the show (ECF No. 120), but to the extent similarities existed, they were based on uncopyrightable ideas and facts.

On November 12, 2019, the Court entered final judgment for Defendants and dismissed all of Plaintiff's claims (ECF No. 122). Defendants filed a Motion for Attorneys' Fees and Non-Taxable Costs as prevailing parties under the Copyright Act (ECF No. 132).

## II.   DISCUSSION

### a. Entitlement to Fees

Section 505 of the Copyright Act authorizes courts to "award a reasonable attorney's fee

to the prevailing party as part of the costs."[1] 17 U.S.C. § 505. The Copyright Act gives the court broad discretion to determine whether a party is the prevailing party and whether the amount of fees sought is reasonable. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1296 (S.D. Fla. 2015). While an award of fees is not mandated in every case, the Court applies the same standard whether the party prevailing is plaintiff or defendant. *Id.* (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994)). If the trial court exercises its discretion to deny fees to the prevailing party, it must explain its decision to deny fees. *Casella v. Morris*, 820 F.2d 362, 367 (11th Cir. 1987).

Courts should consider certain factors in determining whether the prevailing party is entitled to attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness (both in the factual and legal components of the case); and (5) the need in particular circumstances to advance considerations of compensation and deterrence. *Katz*, 127 F. Supp. 3d at 1297 (citing *Fogerty*, 510 U.S. at 535 n 19)). The Court is not required to weigh all of these factors, rather the court should exercise its equitable discretion. *Id*.

Defendants aver that all of the *Fogerty* factors weigh in favor of granting attorney's fees. Defendants argue that Plaintiff's claims were objectively unreasonable because she pursued a theory of copyright infringement that had been rejected in *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365 (5th Cir. 1981), which recognized that there is no copyright protection for facts and ideas. Defendants raised this authority with Plaintiff's counsel early in the litigation and contend that her persistence in the claim was objectively unreasonable.

In response, Plaintiff does not dispute that Defendants are the prevailing parties or that the degree of success weighs in their favor. Rather, Plaintiff's argument is rooted in her partial success on the motion to dismiss: Because Chief Judge Moore denied the motion on claims relating to the

---

[1] Defendants moved by separate Motion for an award of costs pursuant to Rule 54 (ECF No. 142).

3

revolver scene, Plaintiff contends this shows that the claim was objectively reasonable, if ultimately unsuccessful in front of this Court. Plaintiff challenges Defendants' argument that *Miller* controlled this case or established clear negative precedent for her claims, noting that the Court did not rely on *Miller* in either the Order on the motion to dismiss or for summary judgment. Plaintiff also argues that awarding fees to Defendants would frustrate the purpose of the Copyright Act by deterring plaintiffs from bringing actions in good faith to protect their copyrights.

For the reasons discussed below, I recommend that Defendants' Motion be **GRANTED, in part**.

### b. *Fogerty* Factors

Where a defendant is the prevailing party in a copyright case the presumption in favor of awarding fees to the defendant is very strong. *Katz,* 127 F. Supp. 3d at 1297. Here, it is undisputed that Defendants are the prevailing party in this matter as the Court entered judgment in their favor. This weighs heavily in favor of awarding attorneys' fees. *Id*.

Moreover, in determining whether a copyright claim is frivolous such that attorney's fees should be awarded, courts consider whether the claim is objectively reasonable under the circumstances. *Katz*, 127 F. Supp. 3d at 1298 (citing *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999)). Plaintiff maintains that her claims were neither frivolous nor objectively unreasonable as demonstrated by the fact that her claim of infringement on the revolver scene survived Defendants' motion to dismiss; and because *Miller* is distinguishable from the case at hand, noting that the Court did not rely on *Miller* in either of its dispositive orders.

Plaintiff's ability to plead a plausible claim of copyright infringement in her original complaint does not require a finding that her claims were objectively reasonable. *See Katz*, 127 F. Supp. 3d at 1299 (recognizing that surviving a motion to dismiss is irrelevant given that under the

4

facts the unreasonableness of the action could only be shown after discovery). The unreasonableness of Plaintiff's claims should have been made clear to her upon entry of the Order on Defendants' motion to dismiss, in which the Court expressly stated the same central principles recognized in *Miller* (although not citing the case): "Copyright protection does not extend to historical or contemporary facts, material traceable to common sources or in the public domains, and *scenes a faire*… [f]urther, ideas, as opposed to expression of those ideas, are not protected by copyright law." (ECF No. 45 at 4) (internal quotations omitted). At that procedural posture, the factual similarities between the Memoire and *Narcos* were known only to Plaintiff; indeed, the Court noted that with respect to the revolver scene claim, Plaintiff had not alleged the specific details of the scene but had sufficiently alleged that a viable copyright violation had occurred.

Moreover, the Court granted Defendants' motion to dismiss the meeting scene claim because copyright protection does not extend to facts depicted–particularly, that Escobar met with a man named Ivan regarding the destruction of documents housed in a Colombian courthouse and that days later the same courthouse was taken under siege (ECF No. 45). Notwithstanding, Plaintiff refiled a nearly identical claim in the Amended Complaint seeking protection over primarily factual information. At its first opportunity to review side by side the Memoire and *Narcos* scenes, the Court found that neither the revolver or meeting scenes in the Memoire were substantially similar to the *Narcos* scenes, and any similarities were limited to facts or ideas which are not copyrightable. Accordingly, this factor weighs in favor of awarding attorney's fees.

Moreover, under the factor of compensation and deterrence, an award of attorneys' fees furthers the goals of the Copyright Act. In determining whether to award fees under Section 505, the district court should consider whether the imposition of fees will further the goals of the Copyright Act, not whether the losing party can afford to pay the fees. *Katz*, 127 F. Supp. 3d at

5

1300. These considerations are intertwined with the reasonableness or frivolousness of the parties' positions, as well as their motivation in litigating the dispute. *Id*. This factor weighs in favor of an award of Defendants here; discouraging suits predicated on uncopyrightable ideas and facts will have the effect of encouraging expression.

As discussed above, it is the rule rather than the exception for a defendant as the prevailing party to receive fees. *See Katz*, 127 F. Supp. 3d at 1300-01 (citing *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *2 (S.D. Fla. July 1, 2008)). Here, Plaintiff has not shown she is an exception to the rule because Defendants had obtained a high degree of success on the merits and Plaintiff's claims were not objectively reasonable. Thus, after careful consideration of the *Fogerty* factors[2] and the record as a whole, I conclude that Defendants are entitled to recover reasonable attorneys' fees under Section 505.

c. **Amount of Attorneys' Fees**

Having determined that Defendants are entitled to attorneys' fees, the Court must decide what amount is reasonable.

In their Verified Motion for Attorneys' Fees and Non-Taxable Expenses, Defendants seek an award of $607,559.50 in attorneys' fees incurred in the defense of all of Plaintiff's claims of copyright infringement, trademark infringement, and Florida common law unfair competition. Defendants were represented by several attorneys from two different law firms: Leopold, Petrich, & Smith/Ballard Spahr and Holland & Knight.

The determination of fees should not result in a second major litigation. *Katz*, 127 F. Supp.

---

[2] The Court notes that Defendants have not advanced any evidence supporting a finding of ill motivation. *See Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2014 WL 11444098, at *3 (S.D. Fla. Feb. 18, 2014), *report and recommendation adopted,* No. 12-22768-CIV, 2014 WL 11456462 (S.D. Fla. Mar. 28, 2014), *aff'd*, 604 F. App'x 879 (11th Cir. 2015) (weighing motivation factor against an award of attorney's fees because defendant did not advance any evidence supporting an ill subjective motivation). Notwithstanding, a balance of all the *Fogerty* factors weighs in favor or awarding attorney's fees.

6

3d at 1301 (citing *Fox v. Vice,* 563 U.S. 826 (2011)). Fee applicants must submit sufficient documentation to meet the burden of establishing entitlement to an award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) *is to do rough justice, not to achieve auditing perfection.* So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox,* 131 S. Ct. at 2216 (emphasis added).

The starting point in determining an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994)). This "lodestar" may be then adjusted based on the results obtained and, in doing so, the court can attempt to identify specific hours spent on unsuccessful claims or can simply reduce the award by a proportional figure. *Norman v. The Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1302 (11th Cir.1988). "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.*

1. **Reasonable Hourly Rate**

First, the Court must determine whether the fees the Defendants seek were incurred at a reasonable hourly rate. In determining the prevailing markets rates, the Court considers "the attorneys' customary fee, the skill required to perform the legal services, the attorneys' experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorneys' relationship to the client, and awards in similar cases." *See Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *9 (S.D. Fla. Mar. 31, 2010) (quoting *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)).

Defendants request the following hourly rates for the attorneys from Leopold, Petrich & Smith/Ballard Spahr and Holland & Knight[3]:

| TIMEKEEPER | HOURLY RATE |
|---|---|
| Louis P. Petrich (Partner/Senior Counsel) | $440 |
| Jamie L. Frieden (Associate) | $300 |
| Elizabeth Schilken (Associate/Staff Attorney) | $300 |
| Loralee Sundra (Of Counsel/Staff Attorney) | $250 |
| Scott Ponce (Partner) | $450 |
| Rebecca Cañamero (Partner) | $375 |
| John Fifield (Paralegal) | $275 |
| George Lavin (Paralegal for E-Discovery) | $275 |

In support of the hourly rates, Defendants rely upon the following: (1) attorneys' skills, experience, and reputations; (2) the general background and disposition of the action; and (3) the work performed such as substantial legal research, interviewing of witnesses, and preparation of the dispositive motion for summary judgment. *See* Affidavit of Louis P. Petrich (ECF No. 132-2); *see also* Declaration of Scott Ponce (ECF No. 132-4). Attorney Petrich has been a member of the Bar of the State of California for over 50 years and specializes in copyright and trademark law, having argued copyright infringement cases before the United States Supreme Court and federal Circuit Courts of Appeals (ECF No. 132-2). Associates Schilken and Frieden have been members of the California Bar since 2005 and 2003, respectively (*id.*). Of Counsel Sundra has been a member of the California Bar for 28 years (*id.*). Attorney Ponce has been a member of the Florida

---

[3] Plaintiff does not object any of the hourly rates.

Bar since 1999, has served as a judicial law clerk in this District and has experience in copyright infringement cases (ECF No. 132-4). Attorney Cañamero has been a member of the Florida Bar since 2010 and served as a judicial law clerk in this District (*id.*).

Having considered counsel's reputations and experiences, and the Court's familiarity with attorney's fees generally in this market, I find that the requested rates for senior counsel and associates is reasonable and appropriate. *See Oravec*, 2010 WL 1302914, at *10 (approving attorney hourly rates within the range of $200 through $495 in a copyright case). However, the requested paralegal rates are unreasonably high, and I have adjusted them to an hourly rate $100, consistent with this market. *See Burgos v. SunTrust Bank, N.A.,* No. 13-21197-CIV, 2020 WL 2299937, at *9 (S.D. Fla. Mar. 31, 2020), *report and recommendation adopted,* No. 13-21197-CIV, 2020 WL 2299936 (S.D. Fla. May 7, 2020) (finding an hourly rate of $100 reasonable for a paralegal).

### 2. Reasonable Hours Expended and Billing Deficiencies

Next, the Court must determine the number of hours reasonably expended on behalf of Defendants on the prevailing claims. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed. *Id.* at 1301. Fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Hensley*, 461 U.S. a 434 (1983)). When fee applicants fail to exercise billing judgment, the court is obligated to do it for them. *Id.* Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested

hours with an across-the-board cut," but it cannot do both. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

Redundant hours "generally occur where more than one attorney represents a client." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301-1302 (11th Cir. 1988). A fee applicant may only recover for the hours of multiple attorneys if the attorneys "are not unreasonably doing the same work, and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302; *ACLU of GA.,* 168 F.3d 423, 432 (11th Cir. 1999)). A fee applicant has the burden to show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Id.*

Plaintiff objects to the reasonableness of the hours expended by defense counsel in the following areas: mediation, written discovery, motion for summary judgment, calendar call, and trial preparation. Plaintiff challenges Defendants' expenditure on 58.8 hours on a mediation that lasted less than 3 hours; as well as expenditure on 386.7 hours on written discovery, noting that Plaintiff served only one set of interrogatories and requests for production on each Defendant and that the requests served by the individual Defendants were identical. Plaintiff also opposes Defendants' expenditure on 272.2 hours related to work on cross motions for summary judgment, as well as 37.9 hours expended on calendar call, which lasted several minutes. Lastly, Plaintiff challenges Defendants' expenditure on 262.5 hours of trial preparation as excessive.

Upon the Court's independent review of approximately 300 pages of invoices, Plaintiff's objections to the excessive number of hours spent on specific tasks is well taken.

Defendants' time records illustrate significant redundancy in entries, and thus excessive time incurred, as a result of six different attorneys and two paralegals contributing to various parts of the defense. Many of the billing entries are for attorney conferencing between the attorneys

from the two firms. Moreover, apart from the billing records themselves, Defendants have provided little explanation or justification for duplicative charges. "While there is nothing inherently unreasonable about a client relying on multiple attorneys, the fee applicant must establish that the time spent reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple lawyer litigation." *Katz*, 127 F. Supp. 3d at 1304 (S.D. Fla. 2015) (citing *ACLU,* 168 F.3d at 432). Accordingly, the Court must reduce the redundant hours in the fee application. *See Katz*, 127 F. Supp. 3d at 1304.

Additionally, the total number of hours spent on certain tasks is unreasonable and excessive. Defendants expended almost 40 hours to prepare for a calendar call and justify the time as necessary to prepare to argue the pending summary judgment motion. That motion was not noticed for argument at the hearing, and defense counsel had no reason to expect the Court would take argument on the motion during its calendar call.[4] Even assuming preparation for argument was warranted, the hours expended vastly exceed the time counsel should have needed to prepare to argue a motion authored by that counsel. The number of hours incurred in preparation of the summary judgment motion (almost 300), litigating discovery (almost 400), preparing for mediation (almost 60) are similarly excessive and unreasonable. Finally, while some time for trial preparation was necessarily incurred, the requested amount (more than 250) is excessive.

In reducing the number of hours that should be included in an award, the undersigned does not question that the hours were in fact incurred or question the diligence and strategy of counsel. A significant reduction is nonetheless here required, as courts are not permitted "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at

---

[4] Defendants note that the summary judgment was argued during the calendar call. The Court neither solicited argument on the motions nor asked any questions of counsel about the motions. *See* ECF No. 116.

428.

The Court has two options: it can engage in a task-by-task examination of the hours billed to excise excessive or redundant/duplicative hours; or when the number of hours involved is very high, the Court can conclude that an hour-by-hour analysis is impractical. *Id.* at 1305. Here, Defendants seek recuperation of attorneys' fees for more than 1,700 hours of attorney work, which is supported by approximately 300 pages of invoices.[5] An across-the-board reduction is appropriate under the circumstances and ensures reduction of the excessive and redundant billing. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) (affirming 25% across the board reduction, explaining that the requested 569.30 hours submitted for compensation "are extensive enough that we do not expect the district court or the magistrate judge to conduct an hour-by-hour analysis in this case."); *see also United States v. Everglades Coll., Inc.*, 855 F.3d 1279, 1293 (11th Cir. 2017) (affirming reduction by 95% of fee award where district court considered all of the circumstances rather than merely "mathematical approach" of reducing by unsuccessful claims); *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2019 WL 4694147, at *8 (S.D. Fla. Aug. 27, 2019).

The reduction I recommend here is 60% of counsel's total time incurred. The redundancy and excessive number of hours billed require a significant reduction to the total amount billed. The records reflect a pervasive practice for at least three attorneys to bill for any particular task performed. Moreover, Defendants' staffing practices and time incurred on certain tasks is difficult to reconcile with the argument that Plaintiff's claims were not objectively reasonable. The total

---

[5] Credit must be given where credit is due: Defendants' Motion is exemplary in its presentation and explanation of time incurred by time-keeper and for specific tasks. The submission may be supported with 300 pages of time records, but Defendants' Motion enabled me to digest and analyze the time records with ease. Though I have concluded that a reduction in the total amount of hours billed is appropriate, consistent with Eleventh Circuit law; defense counsel is to be commended for their obvious care and attention to the case.

amount incurred, as explained above, was not slightly more than what might be necessary or even reasonable, and thus I recommend a reduction for more than half the time billed.

The table below calculates counsel's fees when each time keeper's hours are reduced by 60%; I do not recommend further reduction of the paralegal time, which combined to less than 100 hours, and about which Plaintiff has raised no specific objection. Accordingly, the award I recommend is $242,263.00 as follows:

| TIMEKEEPER | LODESTAR |
| --- | --- |
| Louis P. Petrich ($440) | $71,192 |
| Jamie L. Frieden ($300) | $40,800 |
| Elizabeth Schilken ($300) | $26,028 |
| Loralee Sundra ($250) | $37,170 |
| Scott Ponce ($450) | $57,348 |
| Rebecca Cañamero ($375) | $2,535 |
| John Fifield ($100) | $5,100 |
| George Lavin ($100) | $2,090 |

### d. Non-Taxable Expenses

Defendants seek to recuperated nontaxable expenses in the amount of $4,489.55 for translating services: $3,774.55 to obtain Spanish-to-English translation of the relevant portions of Plaintiff's *Memoire* and $715 for a Spanish-language interpreter to provide translation services at Plaintiff's deposition.

Defendants' request for interpreter fees should have been included in their motion for costs, indeed Section 1920 expressly permits the recuperation of interpreter services. *See* 28 U.S.C. §

1920(6). Defendants support their request with an invoice in the amount of $715 for Plaintiff's deposition, as well, as with a copy of the deposition transcript. Because Plaintiff does not object to this award, I recommend that Defendants be awarded translating fees in the amount of $715. *See Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *14 (S.D. Fla. Feb. 2, 2016).

Defendants also request an award of costs for a certified translation of Plaintiff's Memoire, arguing that the translation was necessary because Plaintiff testified that she did not believe the commercial translation was accurate. A court may award costs for the "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." *See* 28 U.S.C. § 1920(6). In *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012), the Supreme Court held that an interpreter is "someone who translates orally from one language to another" and, therefore, "the category 'compensation of interpreters' in § 1920(6) does not include costs for document translation." *Taniguchi,* 566 U.S. at 574; *see also Davila-Feliciano v. Puerto Rico State Ins. Fund,* 683 F.3d 405, 406 (1st Cir. 2012) (holding that "costs stemming from the translation of written documents do not qualify as 'compensation of interpreters,' as that term is used in 28 U.S.C. § 1920(6), and, therefore, may not be taxed as costs against a non-prevailing party."); *MKT Reps S.A. De C.V. v. Standard Chartered Bank Intern. (Americas) Ltd.,* 10-22963-CIV, 2013 WL 1289261, at *4 (S.D. Fla. Mar. 28, 2013) (concluding that 28 U.S.C. § 1920(6) allows the award of costs for interpretation of live testimony, but not for the translation of written documents).

Accordingly, I recommend that Defendants should not be awarded costs for translation services. *See Direct Niche, LLC v. Via Varejo S/A*, No. 15-CV-62344, 2018 WL 3672227, at *2 (S.D. Fla. May 8, 2018) (denying award of pay for costs of translating documents). Moreover, to the extent that Defendants argue that these costs fall outside Section 1920 and are non-taxable

services, Defendants have not offered a statutory authority providing for payment of translating services of documents. *See McGilvery v. Davis*, No. 16-14363-CIV, 2017 WL 8812740, at *1 (S.D. Fla. Dec. 4, 2017), *report and recommendation adopted*, No. 16-14363-CIV, 2018 WL 1863598 (S.D. Fla. Jan. 11, 2018) (denying request for non-taxable fees because both Rule 54 or Local Rule 7.3 require a separate statutory or rule entitling the movant to an award and neither constitute a source of legal authority in awarding non-taxable expenses).

### III.   RECOMMENDATION

For the foregoing reasons, I recommend that Defendants' Motion for Attorneys' Fees (ECF No. 132) be **GRANTED, in part,** and that Defendants be awarded $242,263.00 in attorneys' fees and $715.00 in interpreter costs.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Rodney Smith, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers on this 24th day of August, 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE