UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23462-CIV-SMITH/VALLE

VIRGINIA VALLEJO,

    Plaintiff,
vs.

NARCOS PRODUCTIONS LLC, *ET AL.*,

    Defendants.
_____/

**ORDER AFFIRMING AND ADOPTING REPORTS OF MAGISTRATE JUDGE**

This matter is before the Court upon the Report and Recommendations [DE 142] of Magistrate Judge Valle, in which she recommends granting in part Defendants' Motion to Tax Costs [DE 123], and the Report and Recommendation [DE 143] of Magistrate Judge Valle, in which she recommends granting in part Defendants' Motion for Award of Attorneys' Fees [DE 132] (jointly, the "Reports"). Plaintiff has filed a single set of "Objections" [DE 144] to the Reports. Defendants have not filed objections but have filed a Response to Plaintiff's Objections [DE 146].

Plaintiff's Objections are not actually objections to any of the Magistrate Judge's findings or conclusions. Instead, Plaintiff asks the Court to abate ruling on the Reports, Defendants' Motion to Tax Costs, and Defendants' Motion for Award of Attorneys' Fees until this case has been resolved on appeal. Plaintiff argues that the resolution of the case on appeal will likely affect the Defendants' entitlement to fees and costs or the amounts owed. In response, Defendants argue that by failing to raise actual objections to the Reports, Plaintiff has waived the right to *de novo* review and the right to appeal. Defendants further argue that the Court should reject Plaintiff's request for abatement because (1) Plaintiff previously represented to the Court that she would file

a separate motion seeking abatement of the fees and costs determination pending the appeal, (2) Plaintiff failed to ask the Magistrate Judge to abate the matter, and (3) even if the Court were to grant Plaintiff's request, Plaintiff would not get another opportunity to object to the Reports.

While Plaintiff is correct that the appeal may affect Defendants' entitlement to or the amount of fees, Plaintiff's request is untimely and should have been made via a motion. First, Plaintiff should have made the request prior to the Magistrate Judge issuing her Reports. The Motions were pending more than eight months before the Magistrate Judge issued her Reports. At any time during that period, Plaintiff could have sought abatement of the Motions, but she did not. Instead, she let the Magistrate Judge expend time and resources addressing the Motions. All of the cases cited by Plaintiff in support of abatement involved stays or abatements prior to a determination by the court as to the amount of fees and costs owed, thereby saving the court's time and resources. Plaintiff had ample time to file a motion seeking abatement of the fees and costs motions but chose not to file one.

Second, the more appropriate vehicle for seeking such relief is a motion. *See Motion, Black's Law Dictionary* (11th ed. 2019) (defining the term "motion" as "[a] written or oral application requesting a court to make a specified ruling or order."). Objections to a report and recommendation, on the other hand, are to oppose specifically identified portions of the proposed findings, recommendations or report, to specify the basis for such opposition, and to provide supporting legal authority. *See* S.D. Fla. Mag. J.R. 4(b); *Objection, Black's Law Dictionary* (11th ed. 2019) (defining "objection" as "[a] formal statement opposing something that has occurred, or is about to occur"). Plaintiff has not specifically opposed any portion of the Reports.

Moreover, abatement, at this point, would accomplish little, if anything. Under 28 U.S.C. § 636(b)(1), Plaintiff had fourteen days after being served with the Reports to serve and file written

objections to the Magistrate Judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). Further, the Reports both warned that:

> [f]ailure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered by the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

DE 143 at 15; DE 142 at 11. Thus, having failed to timely raise any actual objections to the Reports' findings or conclusions, Plaintiff may not raise them at a later date. Consequently, abatement will achieve little because the work has already been done by the Magistrate Judge and Plaintiff is barred from challenging the Reports' findings and conclusions. Thus, the Court finds that abatement of the Motions at this time is not warranted.

Accordingly, having reviewed the Reports, the Motion to Tax Costs, the Motion for Attorneys' Fees and Non-Taxable Expenses, the record, and given that Plaintiff has not filed actual objections to the Report, it is

**ORDERED** that:

1) The Reports and Recommendations [DE 142 & 143] of Magistrate Judge Valle are **AFFIRMED and ADOPTED**, and incorporated by reference into this Court's Order; and

2) Defendants' Motion to Tax Costs [DE 123] is **GRANTED in part**. Defendants are entitled to recover $8,842.90 in costs.

3) Defendants' Motion for Attorneys' Fees and Non-Taxable Expenses [DE 132] is **GRANTED in part.** Defendants shall recover $242,263.00 in attorneys' fees and $715.00 in interpreter costs.

      4)      To the extent Plaintiff's Objections are to be construed as a motion for abatement, the motion is **DENIED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 21st day of September, 2020.

*/s/ Rodney Smith*
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:    All Counsel of Record